# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

| | | |
|---|---|---|
| ERWIN HILL, | ) | |
| | ) | |
|     **Plaintiff,** | ) | 13 C 6106 |
| | ) | |
|     v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| WAYNE WATSON, DANIEL SCHUMACHER and KAREN SCHIFERL, in their individual capacities, | ) ) ) ) | |
| | ) | |
|     **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants, individually, for their alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-207, the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/4, 4a and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/4. Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6). For the reasons set forth below, the Court grants in part and denies in part the motion.

## Facts

From July 2012 to February 2013, plaintiff worked for the Athletic Department of Chicago State University ("CSU") as an intern with the job titles of "athletic marketing intern" and "ticket operations manager." (Compl. ¶ 2.) As an athletic marketing intern, he managed the front desk, answered the phones and helped the administrative staff. (*Id.* ¶ 3.) As ticket operations manager, plaintiff marketed and sold tickets to CSU sporting events and helped with corporate sponsorships, game day promotions, special events and the day-to-day operations of the ticket office. (*Id.* ¶ 4.)

Plaintiff was supervised in both positions by defendant Schumacher, CSU's Athletic Director, who reported to defendant Watson, CSU's President. (*Id.* ¶ 2.) Plaintiff was not paid for the work he did in these positions because, he alleges, Watson and Schumacher improperly classified him as an intern not an employee. (*Id.* ¶¶ 2, 11-12, 19-20.)

From February to July 2013, plaintiff worked as an athletic support specialist under defendant Schiferl. (*Id.* ¶ 13.) In this role, plaintiff managed the Student Athlete Advisory Council and the Champs Life Skills Program and was paid a bi-weekly salary of $1583.50. (*Id.*) Schiferl and Watson, however, did not pay plaintiff for any of his work in June 2013.

Plaintiff alleges that defendants' failure to pay him violated federal and state wage laws and seeks to hold them individually liable for those violations.

## Discussion

### Federal Claims

Defendants argue that plaintiff's FLSA claims, though asserted against them in their individual capacities, are in essence damages claims against CSU over which the Eleventh Amendment forbids this Court to preside. Even if CSU were the real defendant in this suit, the Eleventh Amendment would not deprive the Court of jurisdiction over it. That Amendment only "forbids the federal courts to entertain diversity suits against states." *Higgins v. Mississippi*, 217 F.3d 951, 953 (7th Cir. 2000). Because plaintiff's FLSA claims do not implicate the Court's diversity jurisdiction, the Eleventh Amendment would not strip the Court of jurisdiction, even if the state were the real party in interest.

For all non-diversity claims, the Eleventh Amendment creates a sovereign immunity affirmative defense, which can be waived. *Wis. Dep't of Corrs. v. Schact*, 524 U.S. 381, 389 (1998)

2

(holding that a state can waive the Eleventh Amendment immunity defense). That is just what Illinois has done. *See* 745 Ill Comp. Stat. 5/1.5 ("An employee of the State who is aggrieved by any conduct . . . of the State that would constitute a violation of [FLSA], if committed by an employer covered by that Act may bring an action under [FLSA] against the State in State circuit court or federal court."). Because the state has statutorily waived its immunity defense to FLSA claims, immunity is not a basis for dismissing plaintiff's FLSA claims.

Alternatively, defendants argue that plaintiff has not stated viable FLSA claims because his allegations do not support the inference that he was an employee not an intern. FLSA excludes from the definition of "employee" "any individual who volunteers to perform services for a . . . State [or] a political subdivision of a State." 29 U.S.C. § 203(e)(4)(A). The FLSA regulations state that "individuals are considered volunteers and not employees of . . . public agencies if their hours of service are provided with no promise[,] expectation, or receipt of compensation for the services rendered" and that FLSA imposes "no limitations or restrictions . . . on the types of services which private individuals may volunteer to perform for public agencies." 29 C.F.R. § 553.104(a). Plaintiff does not allege that he was promised or expected to receive compensation for his work as an "intern." Absent such allegations, plaintiff has not stated viable FLSA claims against Watson and Schumacher for his "intern" work (Counts I and II).[1]

---

[1] Plaintiff's reliance on *Glatt v. Fox Searchlight Pictures Inc.*, 11 Civ. 6784 (WHP), 2013 WL 2495140 (S.D.N.Y. June 11, 2013), is misplaced. The question in *Glatt* was whether an intern at a private sector corporation, not a state educational institution, was a volunteer under FLSA. *See id.* at *11 (citing U.S. Dep't of Labor, Fact Sheet # 71: Internship Programs Under The [FLSA] (April 2010), http://www.dol.gov/whd/regs/compliance/whdfs71.htm ("This fact sheet provides general information to help determine whether interns must be paid the minimum wage and overtime under the Fair Labor Standards Act for the services that they provide to 'for-profit' private sector employers.")).

The result is different for the FLSA claims plaintiff asserts against Watson and Schiferl in Count V. Plaintiff alleges that he was paid a bi-weekly salary for his work as an academic support specialist from February 2013 to July 2013, except for the month of June 2013. (Compl. ¶¶ 13-14.) These allegations support the inference that during that month plaintiff was an employee for purposes of FLSA. Defendants' motion to dismiss Count V is, therefore, denied.

**State Law Claims**

In Counts III, IV and VI, plaintiff asserts claims against defendants for wages due for his "intern" and June 2013 work under the Illinois Minimum Wage Law. Defendants contend that the Court lacks jurisdiction over these claims because they are, in essence, claims against the state, which fall exclusively within the jurisdiction of the Illinois Court of Claims. *See* 705 Ill. Comp. Stat. 505/8(a) (stating that the Court of Claims has "exclusive jurisdiction to hear and determine . . . [a]ll claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency"). "The determination of whether an action is an action against the state depends on the issues raised and the relief sought." *Jinkins v. Lee*, 807 N.E.2d 411, 417 (Ill. 2004). With respect to the issues, the state is the real defendant if: (1) the state employee is not alleged to have acted beyond the scope of his authority; (2) the duty allegedly breached arises from the fact of state employment; and (3) the employee's conduct was within his normal and official functions. *Id.* at 418.[2] If all three criteria are met, the suit is deemed to be against the state. *Janes v. Albergo*, 626 N.E.2d 1127, 1132 (Ill. App. Ct. 1993). If the criteria are not met, the Court "must also consider whether . . . a judgment for the plaintiff

---

[2]Though this test appears oriented to tort claims, the parties do not cite and the Court has not found any case that limits it to tort cases. Accordingly, the Court applies it here.

4

could operate to control the actions of the State or subject it to liability." *Jinkins*, 807 N.E.2d at 418 (quotation omitted). If so, the state is deemed to be the defendant. *Id.*

Plaintiff does not allege that any of the defendants acted beyond the scope of his or her authority as agents of CSU or that classifying and paying those who work for the University are matters outside their normal functions. On the contrary, plaintiff alleges that all three defendants had: (1) "the authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff . . . , and the authority to make decisions regarding wage and hour classifications, including the decision to classify Plaintiff as exempt or non-exempt"; and (2) "responsibility to act on behalf and in the interests of the Athletic Department of [CSU] in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff in accordance with the [legal requirements for] minimum wage and overtime." (Compl. ¶¶ 19-21.) But defendants' duty to pay wages in accordance with the Minimum Wage Law does not arise from state employment. Rather, that obligation applies to agents of virtually all public and private employers in the state. *See* 820 Ill. Comp. Stat. 105/3(c) (defining employer, for purposes of the Law, as "any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year."); 56 Ill. Admin. Code. § 210.110 (defining "governmental body" as "the State and its agencies, municipalities and units of local government, and school districts").

Because only two of the issues criteria are met, the Court examines whether a judgment in plaintiff's favor would control the state's actions or subject it to liability. It would do neither, as plaintiff seeks damages solely from the individuals and he does not request, nor would a judgment in his favor require, CSU to make universal changes in its employee classification or payment policies. Thus, the Court concludes that sovereign immunity does not apply to plaintiff's state-law claims.

Alternatively, defendants argue that plaintiff's state-claw claims fail on the merits. Like FLSA, the Illinois Minimum Wage Act excludes volunteers, defined as "person[s] who work[] for an employer under no contract of hire, expressed or implied, and with no promise of compensation, other than reimbursement for expenses as part of the conditions for work," from its coverage. *See* 56 Ill. Admin. Code § 210.110. Because plaintiff does not allege that he had a contract for his "intern" work or was promised compensation for it, he has not stated viable Minimum Wage Act claims in Counts III and IV.

The result is different for the Minimum Wage Act claims plaintiff asserts in Count VI for his June 2013 work. His allegations that he was paid a salary for his work as an academic support specialist at all times other than June 2013, support the inference that he was an employee subject to the statute. *See id.* Accordingly, defendant's motion to dismiss Count VI is denied.

That leaves Count VII, plaintiff's Illinois Wage Payment Act claims for his June 2103 wages. That statute, however, explicitly excludes state employees from its coverage. *See* 820 Ill. Comp. Stat. 115/1 ("This Act applies to all employers and employees in this State . . . except[] employees of the State or Federal governments."). Thus, Count VII is dismissed.

**Conclusion**

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss [15]. The Court dismisses with prejudice the Illinois Wage Payment Act claims in Count VII, dismisses without prejudice the FLSA and Illinois Minimum Wage Act claims in Counts I-IV and denies the motion as to the FLSA and Illinois Minimum Wage Act claims in Counts V and VI. Plaintiff has fourteen days from the date of this Order to amend Counts I-IV, if he can do so and comply with Rule 11. If plaintiff does not amend these claims in that period, the Court will dismiss them with prejudice.

**SO ORDERED.**　　　　　　　　　　　　**ENTERED: February 4, 2014**

*[signature]*
**HON. RONALD A. GUZMAN**
**United States District Judge**